

**SIDLEY**

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
+1 212 839 5300
+1 212 839 5599 FAX

AMERICA  •  ASIA PACIFIC  •  EUROPE

+1 2128397364
CLFUKUDA@SIDLEY.COM

April 8, 2026

**VIA ECF**

Hon. John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

**APPLICATION GRANTED
SO ORDERED**

4/10/26
John G. Koeltl, U.S.D.J.

Re:   *EXO Opportunity Fund, LLC v. The Andersons Renewables, LLC et al.*,
      1:26-cv-1234 (JGK) (OTW)

Dear Judge Koeltl,

Sidley Austin LLP represents Defendants The Andersons Renewables, LLC and The Andersons, Inc. (collectively, "The Andersons") in the above-referenced action. Pursuant to Section VII.A.2 of Your Honor's Individual Rules, The Andersons respectfully requests leave to file under seal limited portions of its Letter Request for a Pre-Motion Conference ("Pre-Motion Letter") that reference certain terms of two confidential patent license agreements (collectively, "License Agreements") that Plaintiff EXO Opportunity Fund, LLC's alleged predecessor-in-interest, GS CleanTech Corporation, entered into with The Andersons in 2011. The Andersons conferred with Plaintiff regarding this sealing request and Plaintiff indicated that it does not oppose The Andersons' request, but does not agree that these limited portions meet the standard for sealing.

Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Such competing considerations include "the privacy interests of those resisting disclosure." *Id.* at 120. Courts generally approve requests to seal sensitive commercial information, including the confidential terms of license agreements. *See, e.g., Rubik's Brand Ltd. v. Flambeau, Inc.*, No. 17-CV-6559-PGG-KHP, 2021 WL 1085338, *1 (S.D.N.Y. Mar. 22, 2021) (granting request to seal terms of confidential trademark licensing agreement); *Regeneron Pharms., Inc. v. Novartis Pharma AG*, No. 1:20-CV-05502, 2021 WL 243943 (S.D.N.Y. Jan. 25, 2021) (granting motion to seal because proposed redactions were "narrowly tailored to competitive business information" such as non-public patent license agreement terms); *Gracyzk v. Verizon Commc'ns, Inc.*, No. 18-cv-6465 (PGG), 2020 WL 1435031, *8-9 (S.D.N.Y. Mar. 24, 2020) (granting redaction of commercially sensitive contract terms because their disclosure might hurt Verizon's "competitive standing").

Sidley Austin (NY) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

Here, we respectfully request that the Court seal the limited portions of The Andersons' Pre-Motion Letter that contain confidential terms of the License Agreements, because they are commercially sensitive information. Those portions contain terms regarding the duration and termination rights of the licenses, including the treatment of royalties under different circumstances, that were the result of commercial negotiations between the parties. Public disclosure of this information could competitively harm The Andersons because, for example, competitors and others could leverage these terms in future negotiations with The Andersons. *Rubik's Brand Ltd.*, 2021 WL 1085338, \*1 (sealing "the terms of confidential trademark licensing agreement" where disclosure "could harm [movant] and/or its business partners by disadvantaging them in negotiating future licensing agreements"). This privacy interest outweighs any presumption of public access, and courts in the Southern District of New York thus routinely "grant[] motions to seal in order to protect exactly these sorts of competitive interests." *Id.* (citing *Gracyzk*, 2020 WL 1435031, \*8-9).[1]

Because of these privacy concerns, The Andersons have proposed narrowly tailored redactions and respectfully request the Court's permission to seal the portions of their Pre-Motion Letter that reference the terms of the License Agreements. Per Section VII.A.2 of Your Honor's Individual Rules, The Andersons is filing herewith (a) a public version of its Pre-Motion Letter with the proposed redactions, and (b) an under seal copy of the unredacted Pre-Motion Letter with the redactions highlighted.

Respectfully Submitted,

*/s/ Ching-Lee Fukuda*

Ching-Lee Fukuda
*Counsel for Defendants*

cc: Counsel of record (via ECF)

---

[1] Plaintiff, in violation of the License Agreements, publicly filed the confidential License Agreements with its Complaint without consulting The Andersons. *See* Dkt. 1 at Exhibits A, B. The Andersons has requested that Plaintiff immediately seek to seal the License Agreements and any references to the terms of those Agreements in the Complaint, but Plaintiff has thus far refused to do so. The Andersons will file a separate letter motion requesting that the License Agreements and the Complaint's reference to their terms be retroactively sealed for the same reasons described above.

2