

**SIDLEY AUSTIN LLP**
787 SEVENTH AVENUE
NEW YORK, NY 10019
+1 212 839 5300
+1 212 839 5599 FAX

AMERICA • ASIA PACIFIC • EUROPE

+1 2128397364
CLFUKUDA@SIDLEY.COM

April 10, 2026

<u>**VIA ECF**</u>

Hon. John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

**APPLICATION GRANTED**
**SO ORDERED**

4/13/26 _~~~~Dn G/ Kelt~~~~_
John G. Koeltl, U.S.D.J.

Re: *EXO Opportunity Fund, LLC v. The Andersons Renewables, LLC et al.*, 1:26-cv-1234 (JGK) (OTW)

Dear Judge Koeltl,

*The Clerk is requested to seal ECF Nos. 1, 1-1, and 1-2. So ordered 4/13/26 Dn G/Kelt/U.S.D.J.*

Sidley Austin LLP represents Defendants The Andersons Renewables, LLC and The Andersons, Inc. (collectively, "The Andersons") in the above-referenced action. Pursuant to Section VII.A.2 of Your Honor's Individual Rules, The Andersons respectfully requests that the Court seal limited portions of the Complaint. Dkt. 1. Those portions reference confidential terms of two patent license agreements (collectively, "License Agreements") that Plaintiff EXO Opportunity Fund, LLC's alleged predecessor-in-interest, GS CleanTech Corporation, entered into with The Andersons in 2011. The Andersons further requests that the Court seal the License Agreements (Dkts. 1-1, 1-2), which were attached to the Complaint, in their entirety.

In violation of the confidentiality provisions of the License Agreements, Plaintiff publicly filed the confidential agreements and its Complaint, which references terms of those agreements, without first obtaining consent from The Andersons. Since the filing, Plaintiff also has refused The Andersons' requests that Plaintiff seek to seal these confidential materials. Having no other alternative, The Andersons submits the instant request to retroactively seal these materials. The Andersons conferred with Plaintiff regarding this sealing request and Plaintiff indicated that it does not oppose The Andersons' request, but does not agree that these materials meet the standard for sealing.

Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Such competing considerations include "the privacy interests of those resisting disclosure." *Id.* at 120. Courts have often approved requests to seal confidential terms of license agreements. *See, e.g., Rubik's Brand Ltd. v. Flambeau, Inc.*, No. 17-CV-6559-PGG-KHP, 2021 WL 1085338, *1 (S.D.N.Y. Mar. 22, 2021) (granting request to seal terms of confidential

Sidley Austin (NY) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

trademark licensing agreement); *Regeneron Pharms., Inc. v. Novartis Pharma AG*, No. 1:20-CV-05502, 2021 WL 243943 (S.D.N.Y. Jan. 25, 2021) (granting motion to seal because proposed redactions were "narrowly tailored to competitive business information" such as non-public patent license agreement terms).

Here, the License Agreements contain sensitive terms that were the result of arms-length commercial negotiations between the parties. Those terms include the duration of the license and termination rights of the parties, the treatment of royalties under different circumstances, the amount of royalty fees owed, Dkt. 1-1 § 3.1; Dkt. 1-2 § 3.1, the warranties granted by The Andersons, Dkt. 1-1 § 3.2; Dkt. 1-2 § 3.2, additional payments, Dkt. 1-1 § 4.1; Dkt. 1-2 § 4.1, and the assignment rights agreed to by the Parties, Dkt. 1-1 § 10.10; Dkt. 1-2 § 10.10. The Andersons would suffer further competitive harm if the License Agreements remain publicly available, because they could be leveraged by competitors and others in future negotiations with The Andersons. Courts have found it appropriate to seal Licensing Agreements to protect against such harms. *Coach IP Holdings, LLC v. ACS Grp. Acquisitions LLC*, No. 23 CIV. 10612 (LGS), 2024 WL 3965936, *2 (S.D.N.Y. Aug. 27, 2024) (allowing a license agreement to be "filed under seal in its entirety because its disclosure may harm [movant] 'by disadvantaging [it] in negotiating future licensing agreements.'"); *Vinci Brands LLC v. Coach Servs., Inc.*, No. 23 CIV. 5138 (LGS), 2023 WL 6289969, *2 (S.D.N.Y. Sept. 27, 2023) (finding the sealing of a license agreement in its entirety justified); *Rubik's Brand Ltd.*, 2021 WL 1085338, *1 (sealing "the terms of confidential trademark licensing agreement" where disclosure "could harm [movant] and/or its business partners by disadvantaging them in negotiating future licensing agreements").

Additionally, we respectfully request that the Court seal the limited portions of the Complaint that make reference to the confidential terms of the License Agreements, or from which those terms could be derived, for the same reasons.

Because of these competitive harm concerns, The Andersons have proposed narrowly tailored redactions to the Complaint and requests that the Court retroactively seal the License Agreements (Dkts. 1-1, 1-2) and the unredacted version of the Complaint (Dkt. 1). In accordance with the principles of Section VII.A.2 of Your Honor's Individual Rules, The Andersons is filing herewith a public version of the Complaint with the proposed redactions, and requests that the Court replace the current Complaint (Dkt. 1) on the public docket with this redacted version. Per the instructions received from the Court Clerk, The Andersons will concurrently email to the Court, copying counsel of record, an unredacted version of the Complaint with the proposed redactions highlighted.

Respectfully Submitted,

/s/ *Ching-Lee Fukuda*

Ching-Lee Fukuda
*Counsel for Defendants*

cc: Counsel of record (via ECF)

2