

**SIDLEY**

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
+1 212 839 5300
+1 212 839 5599 FAX

AMERICA • ASIA PACIFIC • EUROPE

+1 2128397364
CLFUKUDA@SIDLEY.COM

May 29, 2026

**VIA ECF**

Hon. John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

**APPLICATION GRANTED
SO ORDERED**

6/1/26

_John G. Koeltl, U.S.D.J._

Re: *EXO Opportunity Fund, LLC v. The Andersons Renewables, LLC et al.*, 1:26-cv-1234 (JGK)

Dear Judge Koeltl,

Sidley Austin LLP represents Defendants The Andersons Renewables, LLC and The Andersons, Inc. (collectively, "The Andersons") in the above-referenced action. Pursuant to Section VII.A.2 of Your Honor's Individual Rules, The Andersons respectfully request that the Court seal limited portions of their Memorandum of Law in Support of Their Motion to Dismiss. Those portions reference confidential terms of two patent license agreements that Plaintiff EXO Opportunity Fund, LLC's alleged predecessor-in-interest, GS CleanTech Corporation, entered into with The Andersons in 2011, as well as an alleged modification of those agreements (collectively, "License Agreements").

The Court has previously granted sealing of all of the information that is the subject of this letter motion. *See* Dkts. 22, 26. Sealing here is appropriate for the same reasons. The Andersons conferred with Plaintiff regarding this sealing request and Plaintiff indicated that it does not oppose The Andersons' request.

Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Such competing considerations include "the privacy interests of those resisting disclosure." *Id.* at 120. Courts have often approved requests to seal confidential terms of license agreements. *See, e.g.*, *Rubik's Brand Ltd. v. Flambeau, Inc.*, No. 17-CV-6559-PGG-KHP, 2021 WL 1085338, *1 (S.D.N.Y. Mar. 22, 2021) (granting request to seal terms of confidential trademark licensing agreement); *Regeneron Pharms., Inc. v. Novartis Pharma AG*, No. 1:20-CV-05502, 2021 WL 243943 (S.D.N.Y. Jan. 25, 2021) (granting motion to seal because proposed redactions were "narrowly tailored to competitive business information" such as non-public patent license agreement terms).

Sidley Austin (NY) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

Here, we respectfully request that the Court seal the limited portions of The Andersons' Memorandum of Law that contain confidential terms of the License Agreements, because they are commercially sensitive information. Those portions contain terms regarding the duration and termination rights of the licenses, including the treatment of royalties under different circumstances, that were the result of commercial negotiations between the parties. Public disclosure of this information could competitively harm The Andersons because, for example, competitors and others could leverage these terms in future negotiations with The Andersons. Courts have found it appropriate to seal licensing agreements to protect against such harms. *Coach IP Holdings, LLC v. ACS Grp. Acquisitions LLC*, No. 23 CIV. 10612 (LGS), 2024 WL 3965936, *2 (S.D.N.Y. Aug. 27, 2024) (allowing a license agreement to be "filed under seal in its entirety because its disclosure may harm [movant] 'by disadvantaging [it] in negotiating future licensing agreements.'"); *Vinci Brands LLC v. Coach Servs., Inc.*, No. 23 CIV. 5138 (LGS), 2023 WL 6289969, *2 (S.D.N.Y. Sept. 27, 2023) (finding the sealing of a license agreement in its entirety justified); *Rubik's Brand Ltd.*, 2021 WL 1085338, *1 (sealing "the terms of confidential trademark licensing agreement" where disclosure "could harm [movant] and/or its business partners by disadvantaging them in negotiating future licensing agreements").

Because of these competitive harm concerns, The Andersons have proposed narrowly tailored redactions and respectfully request the Court's permission to seal the portions of their Memorandum of Law in Support of Their Motion to Dismiss that reference the terms of the License Agreements, including any alleged modification of them. Per Section VII.A.2 of Your Honor's Individual Rules, The Andersons is filing herewith (a) a public version of their Memorandum of Law with the proposed redactions, and (b) an under seal copy of the unredacted Memorandum of Law with the redactions highlighted. The Andersons will concurrently email to counsel of record, an unredacted version of the Memorandum of Law with the proposed redactions highlighted.

Respectfully Submitted,

*/s/ Ching-Lee Fukuda*

Ching-Lee Fukuda
*Counsel for Defendants*

cc: Counsel of record (via ECF)

2