**MORRISON FOERSTER**

250 WEST 55TH STREET
NEW YORK
NEW YORK 10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

AMSTERDAM, AUSTIN, BERLIN, BOSTON, BRUSSELS, DENVER, HONG KONG, LONDON, LOS ANGELES, MIAMI, NEW YORK, PALO ALTO, SAN DIEGO, SAN FRANCISCO, SEATTLE, SHANGHAI, SINGAPORE, TOKYO, WASHINGTON, D.C.

September 9, 2026

Writer's Direct Contact
+1 (212) 336-4485
CLFukuda@mofo.com

VIA ECF

The Honorable John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

APPLICATION GRANTED
SO ORDERED

John G. Koeltl, U.S.D.J.

9/10/26

***Re:*** ***EXO Opportunity Fund, LLC v. The Andersons Renewables, LLC et al.*, No. 1:26-cv-1234-JGK—Request to Seal**

Dear Judge Koeltl:

We represent Defendants The Andersons Renewables, LLC and The Andersons, Inc. (collectively, "The Andersons") in the above-referenced action. Pursuant to Rule VII.A.2 of Your Honor's Individual Practices, we respectfully request that the Court seal limited portions of The Andersons' forthcoming Memorandum of Law in Support of their Motion for Sanctions under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927 (the "Sanctions Memorandum"), as well as Exhibits 1, 2, 6, 9, 10, and 11 to the Declaration of Ching-Lee Fukuda submitted in support of that motion (the "Exhibits"). The portions of the Sanctions Memorandum and Exhibits reference confidential terms of two patent license agreements that Plaintiff EXO Opportunity Fund, LLC's alleged predecessor-in-interest, GS CleanTech Corporation, entered into with The Andersons in 2011, as well as an alleged modification of those agreements (collectively, the "License Agreements").

This request concerns the same License Agreements and the same categories of confidential commercial information that this Court has already authorized to be filed under seal or in redacted form. (*See* ECF Nos. 21, 22, 26, 35, 45, 49.) Sealing is appropriate here for the same reasons. The Andersons conferred with counsel for Plaintiff regarding this sealing request, and Plaintiff consents.

Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," that right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (cleaned up). Such competing considerations include "the

**MORRISON FOERSTER**



privacy interests of those resisting disclosure." *Id.* at 120. Courts in this District routinely approve requests to seal confidential commercial information, including confidential terms of license agreements. *See, e.g.*, *Rubik's Brand Ltd. v. Flambeau, Inc.*, No. 17-CV-6559 (PGG) (KHP), 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021) (granting request to seal confidential trademark licensing agreement); *Regeneron Pharms., Inc. v. Novartis Pharma AG*, No. 20-CV-5502, 2021 WL 243943, at *1 (S.D.N.Y. Jan. 25, 2021) (granting motion to seal non-public patent license agreement terms); *Coach IP Holdings, LLC v. ACS Grp. Acquisitions LLC*, No. 23 Civ. 10612 (LGS), 2024 WL 3965936, at *2 (S.D.N.Y. Aug. 27, 2024) (permitting a license agreement to remain under seal because disclosure could disadvantage the movant in future licensing negotiations).

Here, the proposed redactions are narrowly tailored and limited to commercially sensitive provisions of the License Agreements, including the duration and termination of the licenses, the treatment of royalties under different circumstances, and the parties' alleged modification of those agreements. Those provisions were the product of arm's-length commercial negotiations. Public disclosure of this information could competitively harm The Andersons by revealing negotiated licensing terms that competitors or future counterparties could leverage in future negotiations. *See Coach IP Holdings*, 2024 WL 3965936, at *2; *Rubik's Brand*, 2021 WL 1085338, at *1.

Because of these competitive harm concerns, The Andersons have proposed narrowly tailored redactions and respectfully request the Court's permission to seal the portions of their Sanctions Memorandum and Exhibits that reference or disclose the terms of the License Agreements. The proposed redactions concern the same categories of confidential information that the Court previously permitted The Andersons to redact from their motion to dismiss briefing. Per Rule VII.A.2 of Your Honor's Individual Practices, The Andersons are filing (a) public versions of the Sanctions Memorandum and Exhibits with the proposed redactions, and (b) copies of the unredacted Sanctions Memorandum and Exhibits under seal, with the proposed redactions highlighted. The Andersons will concurrently email to counsel of record unredacted versions of these materials with the proposed redactions highlighted.

We thank the Court for its consideration of this matter.

Respectfully submitted,

*<u>/s/ Ching-Lee Fukuda</u>*
Ching-Lee Fukuda

cc: All counsel of record (*via ECF*)