ryan whaley
ATTORNEYS

Evan W. Talley
etalley@ryanwhaley.com
405.239.6040

October 21, 2026

VIA ECF

Honorable John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

APPLICATION GRANTED
SO ORDERED

John G. Koeltl, U.S.D.J.
10/21/26

Re: *EXO Opportunity Fund, LLC*, Plaintiff, v. *The Andersons Renewables, LLC et al.*, Civil Action No. 1:26-cv-01234 (JGK); Plaintiff's Letter Motion Requesting Leave to File Sur-Reply Under Seal

Dear Judge Koeltl:

On behalf of the plaintiff in the captioned matter, EXO Opportunity Fund, LLC ("EXO"), I submit this letter motion pursuant to Section VII.A.2 of Your Honor's Individual Practices, requesting leave to file a partially redacted version of EXO's forthcoming Sur-reply ("Sur-reply") to Defendants The Andersons Renewables, LLC and The Andersons, Inc.'s ("the Andersons") Reply in Support of Their Motion for Sanctions and to file an unredacted version of EXO's Sur-reply under seal. The Court previously granted EXO leave to file such Sur-reply. [Dkt. 80].

This request pertains to the same information relating to two Early Adopter License Agreements ("the EALAs") entered into between The Andersons and EXO's predecessor-in-interest that this Court has already authorized the Parties to be filed under seal and/or in redacted form. *See* Dkts. 21, 22, 26, 35, 45, 49, 61, 68, 75, and 77. Here, sealing is again appropriate for the same reasons presented in the Parties' letter motions underlying those orders. Counsel for EXO conferred with counsel for The Andersons regarding this request, which consents to EXO's request to file a partially redacted, public version and under-seal, unredacted version of EXO's Sur-reply.

Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," that right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (cleaned up). Such competing considerations include "the privacy interests of those resisting disclosure." *Id.* at 120. Courts in this District routinely approve requests to seal confidential commercial information, including confidential terms of license agreements. *See, e.g.*, *Rubik's Brand Ltd. v. Flambeau, Inc.*, No. 17-CV-6559 (PGG) (KHP), 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021); *Regeneron Pharms., Inc. v. Novartis Pharma AG*, No. 20-CV-5502, 2021

WL 243943, at *1 (S.D.N.Y. Jan. 25, 2021); and *Coach IP Holdings, LLC v. ACS Grp. Acquisitions LLC*, No. 23 Civ. 10612 (LGS), 2024 WL 3965936, at *2 (S.D.N.Y. Aug. 27, 2024). Here, the limited information EXO seeks to file under seal relates only to specific provisions of the EALAs, including the scope, duration, attempted termination, and modification of the EALAs.

Based on the foregoing, EXO requests that the Court grant it leave to file a partially redacted version of its forthcoming Sur-reply and an unredacted, under-seal version of the Sur-reply.

Respectfully submitted,

*/s/ Evan W. Talley*
Evan W. Talley
*Counsel for Plaintiff*

cc: Defendants' Counsel of Record via ECF